Filed 8/7/26  P. v. Mitchell CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SUNEE LYNN MITCHELL,<br><br>    Defendant and Appellant. | A163476<br><br>(Mendocino County Super. Ct. No. SCUK-CRCR-2021-37308-1) |

### MEMORANDUM OPINION[1]

In *People v. Mitchell* (2022) 83 Cal.App.5th 1051 (*Mitchell I*), this court held, among other things, that defendant and appellant Sunee Lynn Mitchell was not entitled to relief under amended Penal Code section 1170, subdivision (b) because she entered into a stipulated plea.[2]  The California Supreme Court has, however, reversed this portion of our judgment and remanded for further proceedings consistent with its opinion in *People v. Mitchell* (2026) 19 Cal.5th 729 (*Mitchell II*).  On remand, we issue this opinion returning this matter to the trial court for further proceedings consistent with *Mitchell II*.

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

[2] All further statutory references are to the Penal Code.

1

Mitchell was charged with assault on a peace officer, assault with a deadly weapon, driving against the flow of traffic while evading a peace officer, reckless driving while evading a peace officer, driving under the influence of alcohol, and driving with a blood-alcohol content (BAC) of 0.08 percent or more. (*Mitchell I*, *supra*, 83 Cal.App.5th at p. 1055.) As to the last count, the information added a special allegation that she was driving with a BAC of 0.15 percent or more. (*Ibid.*) Finally, the information alleged that she had a prior strike conviction. (*Ibid.*)

Mitchell entered into a stipulated plea agreement, pleading no contest to reckless driving while evading a peace officer and driving with a BAC of 0.08 percent or more. (*Mitchell I*, *supra*, 83 Cal.App.5th at p. 1055.) She also admitted to the prior strike conviction. (*Ibid.*) The plea agreement included a six year prison sentence comprised of the upper term of three years on the reckless driving count, doubled due to the prior strike. (*Ibid.*) The sentence on the BAC count was run concurrent to the reckless driving count. (*Ibid.*) The prosecution agreed to dismiss the remaining counts. (*Ibid.*)

Mitchell was sentenced to six years imprisonment consistent with the parties' plea agreement. (*Mitchell I*, *supra*, 83 Cal.App.5th at p. 1055.) She appealed, contending that her six-year sentence should be reduced to the middle term of two years, doubled to four years based on the prior strike, because the amendment to section 1170, subdivision (b), effective on January 1, 2022, applied retroactively to her. (*Mitchell I*, at p. 1056; Stats. 2021, ch. 731.) The amended statute provides: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable

2

doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

This court held that relief under amended section 1170, subdivision (b) was not available to Mitchell because her sentence was imposed under a stipulated plea agreement. (*Mitchell I, supra*, 83 Cal.App.5th at p. 1058.) Thus, "[t]he court had no opportunity to exercise any discretion in deciding whether the imposition of the upper, middle, or lower term would best serve 'the interests of justice' under former section 1170, subdivision (b)." (*Id.* at pp. 1058–1059.)

The California Supreme Court, however, has reversed that portion of our opinion, holding that "Mitchell is entitled to the retroactive benefit of section 1170[, subdivision ](b)'s provisions notwithstanding her agreement to a specified term as part of a plea bargain." (*Mitchell II, supra*, 19 Cal.5th at p. 745.) In doing so, our high court concluded that "the proper remedy is to remand this case and permit Mitchell to pursue relief under the new benefit that Senate Bill 567 confers. [Citation.] [¶] On remand, Mitchell may either waive or invoke the requirements of section 1170[, subdivision ](b). If she reaffirms her acceptance of the plea bargain and enters a new waiver of section 1170[, subdivision ](b)'s requirements, the court shall reinstate the original sentence as negotiated by the parties. If she declines to enter that waiver, in lieu of further proceedings the parties may agree to modify the existing plea agreement to specify a midterm sentence on [the reckless driving count], doubled under the Three Strikes law. [Citation.] If the court also accepts the modification it shall sentence Mitchell accordingly. [Citation.] If no such agreement is reached and approved, Mitchell's remedy is to withdraw her assent to the bargain. In that case the court shall set aside the plea, the 'matter shall proceed as to [Mitchell] as if no plea had

3

been entered' [citation], and the case shall be set for trial." (*Id.* at pp. 751–752.)

After our high court remanded for further proceedings consistent with its opinion, Mitchell filed a supplemental opening brief, asking us to resolve an unresolved issue in *Mitchell II*. In *Mitchell II*, the high court acknowledged that Mitchell filed a letter "[s]hortly before oral argument" identifying section 1171 as a new authority but declined to consider it. (*Mitchell II*, *supra*, 19 Cal.5th at p. 752, fn. 9.) Instead, the court held that "Mitchell may raise this issue in the Court of Appeal or the trial court in the first instance." (*Ibid.*) Mitchell argues that section 1171 applies here and bars the prosecution from rescinding Mitchell's plea agreement. Consequently, Mitchell contends that the only remedy available is the modification of Mitchell's sentence from the upper term to the middle, doubled due to the prior strike. The People did not respond.

We now find that Mitchell's section 1171 arguments should be resolved first by the trial court. Accordingly, we remand this action to that court for further proceedings consistent with *Mitchell II*. On remand, Mitchell may raise her contentions regarding section 1171.

The judgment of the trial court is reversed in part, and the matter is remanded to the trial court for further proceedings consistent with *Mitchell II*.

CHOU, J.

4

WE CONCUR.

JACKSON, P. J.

BURNS, J.

A163476/ *P. v. Mitchell*